IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROY EDWARD HALL,            )
                            )
       Plaintiff,          )
                            )
-vs-                        )  Case No. CIV-17-0845-SM
                            )
COMMISSIONER OF SOCIAL      )
SECURITY,                   )
                            )
       Defendant.          )

# ORDER

Roy E. Hall, appearing *pro se*, initiated this action on August 8, 2017, seeking review of an administrative decision by the Commissioner of Social Security. Mr. Hall's pleadings are liberally construed.

The Report and Recommendation of Magistrate Judge Suzanne Mitchell which is dated April 16, 2018 (the Report, doc. no. 32), recommends dismissing this action without prejudice for failure to serve defendant within the time allotted or demonstrate any cause for that failure, citing Rules 4(i)(1) and (2), 4(l) and 4(m), Fed. R. Civ. P.[1]

---

[1] This is the second Report and Recommendation entered in this action by Magistrate Judge Mitchell. The first Report (doc. no. 28) recommended denial of plaintiff's motion for default judgment because the only summons returned as executed, was a summons directed to the Commissioner. Doc. no. 28, p. 3 of 4. As explained to the plaintiff in that first Report, plaintiff is required, under Fed. R. Civ. P. 4(i)(1), (2), to serve a summons and a copy of his complaint on the Commissioner of the Social Security, on the United States Attorney for the Western District of Oklahoma, and on the Attorney General of the United States. *Id.* Over plaintiff's objection, Judge Miles-LaGrange adopted the first Report. Doc. no. 31. (Judge Miles-LaGrange was the duty

In a letter filed on April 16, 2018 (doc. no. 33), plaintiff stated that he had "served the two attorney and this case Jeff Sessions & Mike Hunter [sic] …," and plaintiff attached returned receipts indicating mailings had been received which were addressed to these individuals. Doc. no. 33, p. 1.[2] However, as the magistrate judge previously informed plaintiff, under Rule 4(i)(1),(2), Fed. R. Civ. P., service is required on, among others, the United States Attorney for the Western District of Oklahoma. Doc. no. 27, p. 4 of 6. Plaintiff's letter filed on April 16, 2018, shows mailings to Jeff Sessions and to Mike Hunter, but neither the letter nor the attachments show any attempt to serve the United States Attorney for the Western District of Oklahoma. This is so despite the fact that the magistrate judge previously informed plaintiff that Mike Hunter is not the United States Attorney for the Western District of Oklahoma but is, instead, the State of Oklahoma's attorney general. *Id.*

On April 30, 2018, plaintiff filed additional objections to the Report (doc. no. 34) which will be denied for several reasons. First, the objections state that "the two attorneys was file timely [sic]." Doc. no. 34, p. 2 of 4. No documents, however, suggest timely service, *i.e.* service within the extended deadline set by the magistrate judge.[3] Second, statements in plaintiff's objections which indicate that he has sent mailings to "the two attorneys," appear to refer to mailings to Jeff Sessions and Mike Hunter although plaintiff was previously informed that Mike Hunter is not the United States Attorney for the Western District of Oklahoma, upon whom service is required. Third, plaintiff's objections state that any failure of service is the court's fault. On the contrary, the record shows that the magistrate judge has provided

---

district judge at the time the first Report was filed. The clerk directed the second Report to the undersigned, as the duty judge at the time the second Report was filed. *And* s*ee*, G.O. 16-4.)

[2] The letter is construed as part of plaintiff's objections to the Report.

[3] On February 12, 2018, the magistrate judge provided a permissive extension of time within which to obtain service. Doc. no. 27, p. 5 of 7 (additional forty-five days from date of that order).

plaintiff with guidance regarding service and that despite this guidance, plaintiff has not obtained timely service, has not proven service, and has not shown good cause for a second permissive extension of time within which to obtain and prove service. Fourth, the objections include other arguments but those arguments go to the merits of this action and not to the service issue.

Having reviewed the Report, the record, plaintiff's objections, and the relevant arguments and authorities, the court agrees with the recommendations stated by the magistrate judge in her detailed Report.  The court further finds that no purpose would be served by setting out any additional analysis here. Even construing plaintiff's filings liberally, plaintiff has not achieved service as required by the Federal Rules of Civil Procedure, nor has plaintiff shown good cause for a second permissive extension of time within which to obtain service.  Accordingly, after *de novo* review, plaintiff's objections to the Report are **DENIED**. The court **ACCEPTS**, **ADOPTS** and **AFFIRMS** the findings and recommendations of the magistrate judge as stated in her Report and Recommendation of April 16, 2018.  As recommended there, this action is **DISMISSED** without prejudice for failure to effect and prove timely service as required by Rules 4(i)(1) and (2), 4(l), and 4(m), of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 3rd day of May, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0845.p001.docx